UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY DARNELL JONES,

    Petitioner,                      Civil No. 2:13-CV-13864
                                          HONORABLE DENISE PAGE HOOD
v.                                        UNITED STATES DISTRICT JUDGE

CARMEN PALMER,

    Respondent,
_____/

**OPINION AND ORDER GRANTING MOTION TO REOPEN HABEAS PETITION, AMENDING CAPTION, GRANTING THE MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING THAT THE AMENDED HABEAS PETITION (Dkt. # 7] BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND ORDER DIRECTING RESPONDENT TO FILE AN ANSWER AND ANY RULE 5 MATERIALS IN THIS CASE**

    Larry Darnell Jones, ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 30, 2013, this Court granted petitioner's motion to stay the habeas proceedings and hold the petition in abeyance while petitioner returned to the state courts to exhaust additional claims.

    Petitioner has now filed a motion to amend and to reopen his petition for writ of habeas corpus. For the reasons stated below, the motion to reopen the habeas petition is **GRANTED**. The Court will also amend the caption to reflect the name of petitioner's current warden, Carmen Palmer. The Court will also

1

**GRANT** the motion to amend the habeas petition. The Court will further order that the Clerk of the Court serve a copy of the amended habeas petition for writ of habeas corpus upon respondent and the Michigan Attorney General's Office by first class mail. The Court will further order the respondent to file a responsive pleading and the Rule 5 materials within **ninety (90)** days of the Court's order.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies. *See e.g. Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Because petitioner is now alleging that his claims have been exhausted with the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reopened to the Court's active docket.

The Court will further order that the caption in this case be amended to reflect that the proper respondent in this case is now Carmen Palmer, petitioner's current warden. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

The Court will also grant petitioner's motion to amend his habeas petition. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998). The Court will permit petitioner to amend the petition, because there is no indication that allowing the amendment

would cause any delay to this Court nor is there any evidence of bad faith on petitioner's part in bringing the motion to amend or prejudice to respondent if the motion is granted. See *Gillette v. Tansy*, 17 F. 3d 308, 313 (10th Cir. 1994). Additionally, because petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in his petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999).

The Court will further order that the Clerk of the Court serve a copy of the amended habeas petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. See *Coffee v. Harry,* 2005 WL 1861943, * 2 (E.D. Mich. August 2, 2005).

The Court will also order the respondent to file a response to the amended habeas petition within one ninety days of the Court's order. This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. The Court will also order respondent to provide this Court with the Rule 5 materials at the time that it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647,

653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Finally, the Court will give petitioner forty five days from the receipt of the respondent's answer to file a reply brief to the respondent's answer, if he so chooses. *See Baysdell v. Howes,* No. 2005 WL 1838443, * 4 (E.D. Mich. August 1, 2005).

Based on the foregoing, the motion to reopen the habeas petition to the Court's active docket [Dkt. # 6] is **GRANTED.**

IT IS FURTHER ORDERED That the caption is amended.

IT IS FURTHER ORDERED That Petitioner's Motion to Amend the Petition for Writ of Habeas Corpus is **GRANTED.**

IT IS FURTHER ORDERED That the Clerk of the Court serve a copy of the the amended petition for writ of habeas corpus and its attachments [Dkt. # 7], and a copy of this Order on respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** that respondent shall file an answer and the Rule 5 materials within **ninety (90) days** of the date of this order or show cause why they are unable to comply with the order.

**IT IS FURTHER ORDERED** that petitioner shall have **forty five days** from the date that he receives the answer to file a reply brief.

<u>S/Denise Page Hood</u>
Denise Page Hood
United States District Judge

Dated: March 19, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 19, 2015, by electronic and/or ordinary mail.

<u>S/LaShawn R. Saulsberry</u>
Case Manager